**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL WEBSTER,

    Petitioner,

-vs-                                    Case No. 8:06-CV-0156-T-27TGW

JAMES McDONOUGH, et al.,

    Respondents.

_____/

## ORDER

Before the Court is Petitioner's Motion to Object to Respondent's Answer to Petition for Writ of Habeas Corpus (Dkt. 12). In his motion, Petitioner requests that the Court order Respondent to provide him a copy of the exhibits attached to the response pursuant to Rule 5(d), Rules Governing Section 2254 Cases (2006).

Petitioner asserts that he is entitled to a copy of Respondents' exhibits pursuant to Rule 5, Rules Governing Section 2254 Cases (2006), and Fed. R. Civ. P. 5(a) and 10(c). Petitioner's reliance on the Fourth Circuit's decision in *Thompson v. Greene* to support his request is unpersuasive. 427 F.3d 263, 268 (4th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). As the *Thompson* court noted, *id.* at 268-69, the rules governing federal habeas proceedings do not explicitly require service of the exhibits. *See* Rule 5, Rules Governing Section 2254 Cases (2006).

Petitioner's reliance on *Horsley v. Feldt* is equally misplaced. 304 F.3d 1125, 1134 (11th Cir. 2002). In *Horsley*, a defamation action brought by the plaintiff in response to criticisms of him in the wake of the murder of an abortion provider, the plaintiff sought review of the district court's ruling on the defendant's motion for judgment on the pleadings. *Id.* at 1128. Taken in context, the comment upon which Petitioner relies in *Horsley* does not advance his cause:

> In his complaint, Horsley quoted Feldt's alleged statements from an AP article and a CNN broadcast, but he did not attach either the article itself or a transcript of the broadcast. Feldt and Planned Parenthood included as exhibits to their amended answer both an AP article and "[t]he actual available transcripts of the two CNN broadcasts that contain excerpts from the press conference. . . ." In granting judgment on the pleadings in favor of Feldt and Planned Parenthood, the district court considered the AP article attached to the amended answer.
>
> Federal Rule of Civil Procedure 12(c) contains a conversion provision which states that: "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *It would seem to follow that if an attachment to an answer is a "written instrument," it is part of the pleadings* and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment.

*Id.* at 1134 (emphasis added; footnote omitted). The *Horsley* court merely addressed the circumstances under which a document attached to a motion to dismiss for failure to state a claim may be considered by the district court without converting the motion into one for summary judgment.

Rule 11, Rules Governing Section 2254 Cases (2006), permissive rather than mandatory, provides that "[t]he Federal Rules of Civil Procedure, to the extent that they

-2-

are not inconsistent with any statutory provisions or [the Habeas Rules], *may be applied to a proceeding under these rules*" (emphasis added). Likewise, Rule 81(a)(2), Fed. R. Civ. P., provides, in pertinent part, that the Federal Rules of Civil Procedure "are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, *to the extent that the practice in such proceedings is not set forth in statutes of the United States*, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings." Fed. R. Civ. P. 81(a)(2). Congress has addressed circumstances under which the clerk may provide copies of documents from the record to a petitioner without cost in a federal habeas proceeding:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250 (2006). In the instant case, Petitioner has not sought or been granted leave to proceed *in forma pauperis* in this Court.

As discussed, the documents Petitioner seeks are state court records Respondent was required to file with the Court under Rule 5(d), Rules Governing Section 2254 Cases (2006). Petitioner has not demonstrated that he has made any effort to obtain copies of these documents from the state court. Moreover, according to Petitioner's sworn statement (Dkt. 1 at 15), he was represented by counsel on direct appeal. Having prosecuted a direct appeal, Petitioner should have a copy of the state court record. If not, Petitioner should contact appellate counsel to secure a copy thereof.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion to Object to Respondent's Answer to Petition for writ of Habeas Corpus (Dkt. 12) is **DENIED**.

**ORDERED** in Tampa, Florida, on October 13th, 2006.

JAMES D. WHITTEMORE
United States District Judge

SA:jsh

Copy furnished to:
Petitioner/All Counsel of Record